Filed 10/30/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B324567 |
|    Plaintiff and Respondent, | (Super. Ct. No. CR28216) |
| | (Ventura County) |
| v. | |
| VINCENT MEDRANO, | |
|    Defendant and Appellant. | |

     Vincent Medrano again appeals an order denying his Penal Code section 1172.6 petition for resentencing.[1]  The order was made at the prima facie stage of the proceedings.  This is his second petition for resentencing.

     In 1991 appellant was convicted of two counts of first degree murder with a multiple-death special-circumstances finding (§§ 187, 189, 190.2, subd. (a)(3)), two counts of attempted first degree murder (§§ 664/187, 189), and one count of conspiracy to commit first degree murder (§ 182).  The jury found true allegations that a principal in the commission of the offenses had been armed with a firearm.  (§ 12022, subd. (a)(1).)  Appellant

---

     [1] All statutory references are to the Penal Code.

was sentenced to prison for 50 years to life plus one year for a firearm enhancement. In 1994 we affirmed the judgment in an unpublished opinion, *People v. Medrano* (Jul. 26, 1994, B065832).

In 2019 appellant filed his first section 1172.6 petition. After issuing an order to show cause, the trial court conducted an evidentiary hearing pursuant to section 1172.6, subdivision (d). The trial court denied the petition, and we affirmed in *People v. Medrano* (2021) 68 Cal.App.5th 177, hereafter referred to as "*Medrano*" or "our 2021 opinion." We held "that section [1172.6] relief is unavailable to a petitioner [such as appellant] concurrently convicted of first degree murder and conspiracy to commit first degree murder where both convictions involve the same victim" because the "[c]onviction of conspiracy to commit first degree murder shows, as a matter of law, that the 'target offense' is murder . . . ." (*Id*. at p. 179.)

In the present appeal we conclude that the above holding is the law of the case and conclusively establishes at the prima facie stage that appellant is not entitled to resentencing based on his second 1172.6 petition. Accordingly, we again affirm.

Our conclusion may be at variance with the holding of *People v. Harden* (2022) 81 Cal.App.5th 45, 50 (*Harden*): "[P]rior to [an evidentiary] hearing under section [1172.6], subdivision (d)(3), the law-of-the-case doctrine cannot conclusively establish disentitlement [to relief under section 1172.6]." We explain below why the holding of *Harden* is inapplicable here.

*Facts*

The following facts are taken verbatim from *Medrano, supra*, 68 Cal.App.5th at p. 179: Appellant and Carlos Vargas purchased a .22 caliber semi-automatic rifle. Appellant "scored" the "tip" of the rifle's bullets in the belief that "the scoring would

2

make the bullets more explosive." As overt act No. 7 underlying the conspiracy charge, the jury found that appellant, Vargas, Edward Throop, and Joseph Scholle "discussed among themselves committing a drive-by shooting." Vargas drove them to Cabrillo Village in Ventura County. "Throop held the rifle and sat in the back seat next to appellant." Throop pointed the rifle out the window and fired multiple shots at a group of people attending a baptism party. As Vargas drove away, Scholle shouted the names of rival gangs. Two men attending the baptism party died of gunshot wounds. Two other men were shot but survived.

*Our 2021 Medrano Opinion*

In our 2021 opinion we concluded: "The prosecutor met his burden [at the evidentiary hearing] of proving, 'beyond a reasonable doubt, that [appellant] is ineligible for resentencing.' (§ [1172.6], subd. (d)(3).) Appellant's conviction of conspiracy to commit first degree murder rendered him ineligible as a matter of law. The conviction established that he had not been 'convicted of . . . [first degree] murder under a natural and probable consequences theory.' (§ [1172.6], subd. (a).) He was convicted of first degree murder under a direct aiding and abetting theory, i.e., he knew and shared the murderous intent of the actual perpetrator, Throop." (*Medrano, supra,* 68 Cal.App.5th at p. 186.)

*Section 1172.6 and Its Legislative History*

Section 1172.6 was added to the Penal Code by Senate Bill No. 1437 and became effective on January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Section 1172.6, subdivision (a) originally provided, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the

3

court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when" certain conditions apply.

Effective January 1, 2022, section 1172.6 was amended by Senate Bill No. 775 (S.B. 775). (Stats. 2021, ch. 551, § 2.) S.B. 775 added the following ground for relief to section 1172.6, subdivision (a): the petitioner's murder conviction was pursuant to a "theory under which malice is imputed to a person based solely on that person's participation in a crime." S.B. 775 also amended section 1172.6, subdivision (a) to expand eligibility for resentencing to persons convicted of "attempted murder under the natural and probable consequences doctrine."

After a section 1172.6 petition is filed, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Id.*, subd. (c).)

If an order to show cause is issued, the court shall conduct an evidentiary hearing to determine the petitioner's eligibility for relief. (§ 1172.6, subd. (d)(1).) At the evidentiary hearing, the burden is on the People "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder . . . ." (*Id.*, subd. (d)(3).)

*Guidelines for Conducting the Prima Facie Hearing*

"While the trial court may look at the record of conviction . . . to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary

4

assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause.”’”  (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

“Appellate opinions . . . are generally considered to be part of the record of conviction.  [Citation.]  However, . . . the probative value of an appellate opinion is case-specific, and ‘it is certainly correct that an appellate opinion might not supply all answers.’”  (*Lewis, supra*, 11 Cal.5th at p. 972.)

“In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under [section 1172.6], subdivision (c).”  (*Lewis, supra*, 11 Cal.5th at p. 972, fn. omitted.)  “The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.”  (*Id.* at p. 971.)

*The Second Section 1172.6 Petition*

Appellant filed this second section 1172.6 petition after the effective date of the amendment of that section by S.B. 775.  In the trial court he asserted, “This petition is based on S.B. 775, which amended section 1172.6, subdivision (a) to include [as grounds for relief], in addition to felony-murder or murder under the [natural and probable consequences] doctrine, any ‘other theory under which malice is imputed to a person based solely on that person’s participation in a crime.’”  Appellant argued that he had made a prima facie showing that he was convicted of murder pursuant to a theory under which malice had been imputed to him based solely on his participation in the drive-by shootings.  In addition, he argued that he had made a prima facie showing

5

that he was convicted of both murder and attempted murder under the natural and probable consequences doctrine.  Relying on *Harden, supra*, 81 Cal.App.5th 45, appellant contended the law of the case doctrine was inapplicable at the prima facie stage of a section 1172.6 proceeding.

*The People's Opposition and the Trial Court's Ruling*

In opposition to appellant's second section 1172.6 petition, the People argued that our holding in *Medrano, supra,* 68 Cal.App.5th 177, is the law of the case.  In denying the second petition, the trial court explained, "[B]ased on the reasoning o[f] the appellate opinion, specifically with regards to the conviction for conspiracy, I will find that the petition is barred, as a matter of law."

*The Law of the Case Doctrine*

"'"The doctrine of the law of the case is this: That where, upon an appeal, the [reviewing] court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, and . . . in any subsequent suit for the same cause of action . . . .'"  The principle applies to criminal as well as civil matters [citations] . . . ." (*People v. Stanley* (1995) 10 Cal.4th 764, 786.)  "We will apply the law of the case doctrine where the point of law involved . . . was "'actually presented and determined by the court."'" (*People v. Gray* (2005) 37 Cal.4th 168, 197.)  But "the doctrine will not be adhered to where its application will result in an unjust decision, e.g., where there has been a 'manifest misapplication of existing principles resulting in substantial injustice' [citation], or the controlling rules of law have been altered or clarified by a

6

decision or [statutory amendment] intervening between the first and second appellate determinations [citation].'" (*Stanley*, *supra*, at p. 787.)

*Applicability of the Law of the Case Doctrine at*
*the Prima Facie Stage of a Section 1172.6 Proceeding*

Appellant claims the law of the case doctrine is inapplicable at the prima facie stage of a section 1172.6 proceeding. He relies on *Harden*, *supra*, 81 Cal.App.5th 45. There, the Court of Appeal held: "At the prima facie stage of an [1172.6] proceeding, it is of course impossible to know what the evidence will ultimately be at an evidentiary hearing that has not yet occurred. We thus agree with Harden that prior to a hearing under section [1172.6], subdivision (d)(3), the law-of-the-case doctrine cannot conclusively establish disentitlement [to relief under section 1172.6]." (*Id*. at p. 50.

The Court of Appeal credited Harden's argument, which was as follows: "[The] law of the case [doctrine] cannot be invoked where there is a '"substantial difference in the evidence"' on retrial of the particular issue. [Citation.] . . . [I]f at [an evidentiary] hearing under subdivision (d) of section [1172.6], the evidence material to [Harden's] role in the murder were substantially the same [as the evidence in Harden's 2001 trial], then law-of-the-case principles would compel the same legal conclusion to be drawn, i.e., that she was the actual killer. But if the evidence were materially different on that issue, . . . [the] law of the case [doctrine] would not apply. This is because law of the case 'controls the outcome on retrial only to the extent the evidence is substantially the same.' [Citation.] Where '"there is a substantial difference in the evidence to which the [announced] principle of law is applied, . . . the [doctrine] may not be

7

invoked.""" (*Harden*, *supra*, at p. 50; see *People v. Boyer* (2006) 38 Cal.4th 412, 442 ["the law-of-the-case doctrine governs only the *principles of law* laid down by an appellate court, as applicable to a retrial of fact, and it controls the outcome on retrial only to the extent the evidence is substantially the same. [Citation.] The doctrine does not limit the new evidence a party may introduce on retrial"].)

Appellant asserts, "*Harden* precludes the court from invoking the law of the case doctrine at the prima facie stage because it is unclear what the evidence will be at an evidentiary hearing that has yet to occur. [Appellant] may present evidence at the evidentiary hearing that contradicts [this court's] conclusion [in our 2021 opinion] that [he] harbored an intent to kill."

The holding in *Harden* should be limited to prohibiting application of the law of the case doctrine at a prima facie hearing where the appellate court's prior determination concerned the sufficiency of the evidence at the petitioner's trial. The issue in *Harden* was whether the doctrine should apply to the Court of Appeal's determination in an earlier opinion (*People v. Harden* (2003) 110 Cal.App.4th 848) that "there was insufficient evidence [at the trial] to sustain a finding that Harden's role was anything other than that of [the] actual killer." (*Harden*, *supra*, 81 Cal.App.5th at p. 50.) At an evidentiary hearing conducted pursuant to section 1172.6, subdivision (d), Harden would have had the opportunity to introduce new evidence showing that she was not the actual killer. Therefore, the sufficiency of the evidence determination in the earlier opinion in *Harden* could not be the law of the case at the prima facie stage of Harden's section 1172.6 petition.

8

Unlike *Harden, supra,* 81 Cal.App.5th 45, in *Medrano, supra,* 68 Cal.App.5th 177, we were not concerned with an appellate court's prior determination of the sufficiency of the evidence at appellant's trial. Instead, we were concerned with the effect of the jury's finding that appellant was guilty of both first degree murder and conspiracy to commit first degree murder. We enunciated the following principle of law: "[S]ection [1172.6] relief is unavailable to a petitioner concurrently convicted of first degree murder and conspiracy to commit first degree murder where both convictions involve the same victim" because the "[c]onviction of conspiracy to commit first degree murder shows, as a matter of law, that the 'target offense' is murder . . . ." (*Id.* at p. 179.) This principle of law necessarily applies where, as here, the petitioner has also been concurrently convicted of *attempted* first degree murder and conspiracy to commit first degree murder and both convictions involve the same victim.

At a section 1172.6, subdivision (d) evidentiary hearing, appellant could not introduce new evidence that would affect the validity of the principle of law enunciated in our 2021 *Medrano* opinion. This is the key distinction between *Medrano* and *Harden.* Unlike appellant, the petitioner in *Harden* theoretically could have introduced new evidence to controvert the appellate court's prior determination that, based on the evidence introduced at trial, she must have been the actual killer. Thus, in contrast to *Harden*, the principle of law enunciated in our 2021 opinion is the law of the case.

This principle of law was not altered by S.B. 775's amendment of section 1172.6, subdivision (a) to expand eligibility to persons convicted of murder pursuant to a "theory under which

9

malice is imputed to a person based *solely* on that person's participation in a crime." (*Ibid.*, italics added.) A person cannot be convicted of conspiracy to commit first degree murder based on such "imputed" malice. We noted in *Medrano, supra*, 68 Cal.App.5th at p. 184: "According to an instruction given before the jury started its deliberations (CALJIC No. 6.10), it could convict appellant of conspiracy to commit first degree murder only if it found he had acted 'with the specific intent to agree to commit the public offense of first degree murder and with the further specific intent to commit such offense.' In view of this instruction, the conspiracy conviction shows that the jury found appellant had specifically intended to commit first degree murder." Appellant cannot relitigate this issue. "[A] section [1172.6] petition is not a means by which a [petitioner] can relitigate issues already decided." (*People v. Coley* (2022) 77 Cal.App.5th 539, 549.)

As to the requisite intent for conspiracy to commit first degree murder, the CALJIC instruction given to the jury at appellant's trial is consistent with current CALCRIM No. 563, which requires the People to prove that the defendant, personally, intended to kill the victim. Each charge and conviction for a separate count stands or falls on its own. (*People v. Pahl* (1991) 226 Cal.App.3d 1651, 1657.) Thus, even if there were some instructional error as to the murder and attempted murder counts, it could not be used to impeach the jury's finding of intent to kill as to the conspiracy count. This finding is as true today as it was in 1991 when the jury returned its guilty verdicts.

*Appellant's Claim that Law of the Case Doctrine Does*
*Not Apply Because Our 2021 Medrano Opinion*
*Conflicts with Our Earlier Medrano Opinion*

Appellant argues, "[T]he law of the case doctrine should not apply at all in this case [because we] rendered two irreconcilable opinions on the issue of whether the jury found that [he had] harbored the specific intent to kill." The two opinions – our 2021 opinion and the earlier opinion – are not in conflict. In our 2021 opinion we rejected appellant's similar contention. We noted that in our earlier opinion "[w]e did not consider whether, by convicting appellant of conspiracy to commit first degree murder, the jury necessarily found that he had harbored the specific intent to kill." (*Medrano, supra*, 68 Cal.App.5th at p. 186.)

*Application of the Law of the Case Doctrine*
*Will Not Result in an Unjust Decision*

Appellant has not shown that, by applying the law of the case doctrine, we would be shutting our eyes to a manifest misapplication of existing principles resulting in substantial injustice. As our Supreme Court observed: "'[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder.'" (*People v. Beck & Cruz* (2019) 8 Cal.5th 548, 641-642.) "[A] conviction of conspiracy to commit murder requires a finding of intent to kill . . . ." (*People v. Swain* (1996) 12 Cal.4th 593, 607.)

*Disposition*

The order denying appellant's second section 1172.6 petition for resentencing is affirmed.

11

CERTIFIED FOR PUBLICATION.

                                                YEGAN, J.

We concur:


            GILBERT, P. J.


            BALTODANO, J.

12

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, William Quest, Snr. Deputy Public Defender, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.